UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KA LOK LAU, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 11-11736-JLT |
| | * | |
| ERIC H. HOLDER, *as the Attorney* General | * | |
| *of the United States*, et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

July 31, 2012

TAURO, J.

I.      Introduction

Plaintiff Ka Lok Lau filed a Request for Hearing on Application for Naturalization [#1] on

September 30, 2011.  On January 6, 2012, Defendants filed Defendants' Motion to Dismiss [#4],

which is currently before the court.  For the reasons stated below, Defendants' Motion to Dismiss

is ALLOWED.

II.     Background

Ka Lok Lau is a native and citizen of China.[1]  On December 10, 2001, he was granted

lawful permanent resident status in the United States.[2]  Lau filed an application for naturalization

with the United States Citizenship and Immigration Services ("USCIS") on April 6, 2009. [3]

---

[1] Pet. Review Denial Naturalization Req. Hr'g. ¶ 4 [#1].

[2] Pet. ¶ 4.

[3] Pet. ¶ 5.

USCIS issued a decision on January 5, 2010 denying Lau's application for his failure to demonstrate that he had been lawfully admitted as a permanent resident and for his failure to establish good moral character.[4]  Lau filed a request for a hearing on that decision on January 25, 2010.[5]  On June 3, 2011, after conducting a de novo review of Lau's application for naturalization, USCIS again denied Lau's application because he was not lawfully admitted for permanent residence.[6]  It appears that Lau should not have been admitted as a lawful permanent resident in 2001 because, at the time, deportation proceedings against him had already commenced.[7]  Lau was placed in removal proceedings and issued a notice to appear before the Boston Immigration Court.[8]

Lau filed his Request for Hearing on Application for Naturalization [#1] in this court on September 30, 2011.  Lau asks this court to (1) grant his petition for a hearing and conduct a de novo review of his application for naturalization; (2) enter a judgment that he is entitled to naturalization; (3) grant him reasonable attorney's fees and costs; and (4) grant further relief as may be appropriate.  Defendants filed Defendants' Motion to Dismiss [#4] on January 6, 2012. Lau filed Plaintiff's Response in Opposition to Defendant's Motion to Dismiss [#7] on January 20, 2012.  Defendants argue in their Motion to Dismiss that the court lacks jurisdiction to grant Lau the relief sought, and that Lau has failed to state a claim upon which relief can be granted.

---

[4] Pet. ¶ 6.

[5] Pet. ¶ 7.

[6] Pet. ¶ 8.

[7] Pet. ¶ 9.

[8] Pet. ¶ 10.

III.    Discussion

Historically, naturalization proceedings filed in the courts and removal proceedings brought by the Attorney General against the same person could advance concurrently.  This led to the possibility of a race "between the alien to gain citizenship and the Attorney General to deport him."[9]  The Internal Security Act of 1950 put an end to that exercise by prohibiting the courts from naturalizing any person against whom removal proceedings were pending.[10]  Prior to 1990, the federal courts oversaw naturalization and the executive branch, through the Attorney General, oversaw removal.[11]

The Immigration Act of 1990 took away the court's authority to naturalize individuals and gave such power solely to the Attorney General.[12]  In accordance with its granting the Attorney General sole authority, the Immigration Act also amended the prohibition on courts naturalizing persons already in removal proceedings.  The prohibition previously prevented the courts acting while removal proceedings were pending.  The Act currently reads: "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant or arrest issued under the provisions of this chapter

---

[9] Shomberg v. United States, 348 U.S. 540, 544 (1955).

[10] Internal Security Act of 1950, Pub.L. No. 81-831, § 27, 64 Stat. 987, 1015, reenacted without significant change by INA § 318, 66 Stat. at 244 (codified as amended at 8 U.S.C. § 1429).

[11] See Ajlani v. Chertoff, 545 F.3d 229, 235 (2d Cir. 2008).

[12] 8 U.S.C. § 1421(a) ("The sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General.").

3

or any other Act."[13]  The Immigration Act did not completely remove the district courts from

immigration proceedings because the district courts retain de novo review of denials of

applications for naturalization.[14]

In the case presently before the court, removal proceedings are pending against Lau.  This

raises the question of whether the court has jurisdiction to conduct a de novo review of the denial

of Lau's naturalization application while removal proceedings are pending.  The First Circuit has

not addressed this issue, but six other circuits have discussed the court's jurisdiction while

removal proceedings are pending.

The opinions of the Second and Fourth Circuits offer limited guidance because they do not

address the issue directly.  The Second Circuit analyzed the extent of judicial review under 8

U.S.C. § 1447(b), a part of the statute not in question here.[15]  The Fourth Circuit reviewed a

completely separate issue than the one before this court, but made the assessment that "as an alien

in removal proceedings, [the plaintiff] had no statutory right to review of his naturalization

application."[16]

Both the Fifth and Ninth Circuits have addressed the interaction of the two sections of the

Immigration Act in question here: 8 U.S.C. § 1421 and 8 U.S.C. § 1429.  Unlike this case, those

---

[13] 8 U.S.C. § 1429.

[14] 8. U.S.C. § 1421(c) ("A person whose application for naturalization under this chapter is denied . . . may seek review of such denial before the United States district court for the district in which such person resides . . . . Such review shall be de novo . . . .").

[15] Ajlani, 545 F.3d at 238-241.  The court held, nonetheless, "that [under 8 U.S.C. § 1447(b)] an alien cannot secure naturalization from either the district court or the Attorney General while removal proceedings are pending . . . ." Id. at 241.

[16] Barnes v. Holder, 625 F.3d 801, 806 (4th Cir. 2010).

courts assessed the scope of de novo review under § 1421 when removal proceedings are pending against an individual at the time the USCIS denied that individual's application.  The Fifth Circuit confronted a scenario in which the USCIS denied an application on the merits while removal proceedings were pending, apparently in violation of 8 U.S.C § 1429's prohibition on the Attorney General acting on an application for naturalization while removal proceedings are pending.  In that situation, the Fifth Circuit held that the district court had jurisdiction to conduct de novo review of the denial.[17]  The district court could determine whether the USCIS had violated § 1429 of the Immigration Act by rendering a decision while removal proceedings were pending.  The district court could not, however, review the substantive merits of the USCIS decision if the USCIS had decided the naturalization case on the merits while a removal proceeding was pending.

The Ninth Circuit reached a very similar result where the USCIS denied an application because of the pendency of removal proceedings.  The Ninth Circuit held that, in such situations, the district court's de novo review of the denial of naturalization is limited to review of the USCIS's reason for denial, namely the pendency of removal proceedings.[18]  The district court cannot proceed to make a determination on the actual merits of the application.[19]

The question presented here is: the scope of the district court's de novo review while

---

[17] Saba-Bakare v. Chertoff, 507 F.3d 337, 340 (5th Cir. 2007).

[18] Bellajaro v. Schiltgen, 378 F.3d 1042, 1046-47 (9th Cir. 2004) ("Accordingly, we conclude that where, as in Bellajaro's case, the INS has denied an application for naturalization on the basis of § 1429 because removal proceedings are pending, the district courts have jurisdiction to review the denial but the scope of review is limited to 'such denial.'").

[19] Id. at 1046.

removal proceedings are pending when the USCIS has issued an opinion on the merits of the application for naturalization before the commencement of removal proceedings.  As explained above, neither the Fifth nor Ninth Circuit analysis is entirely on point.  Both the Sixth and Third Circuits, however, have dealt with this issue.  In analyzing 8 U.S.C. § 1421 and 8 U.S.C. § 1429, the Sixth Circuit determined that when the USCIS denies an application for naturalization for reasons "other than the pendency of removal proceedings, the restraints § 1429 imposes upon the Attorney General prevent a district court from granting effective relief under § 1421(c) so long as removal proceedings are pending."[20]  The court recognized that § 1421(a) gives the Attorney General the sole authority to naturalize aliens, and § 1429 bars the Attorney General from doing so during the pendency of removal hearings.[21]  The Sixth Circuit concluded that a court order requiring the Attorney General to grant an application for naturalization while removal proceedings are pending would violate § 1429.[22]  The statute prevents the Attorney General from acting during the pendency of removal proceedings.  The plaintiff, therefore, is left without immediate relief, and the court is deprived of authority to adjudicate.[23]

The Third Circuit has reached a somewhat different conclusion than the Sixth.  The court agreed with the Sixth Circuit that, while removal proceedings are pending, the district court can not order the Attorney General to naturalize an alien.[24]  It determined, nonetheless, that the court

---

[20] Zayed v. United States, 368 F.3d 902, 906 (6th Cir. 2004).

[21] Id.

[22] See id. at n.5.

[23] See id. at 907.

[24] Gonzalez v. Sec'y of Dept. of Homeland Sec., 678 F.3d 254, 259 (3rd Cir. 2012).

maintained jurisdiction to conduct a de novo review because the plaintiff is entitled to declaratory relief–a determination that, but for the removal proceedings, the plaintiff is entitled to naturalization.[25]

The Immigration Act of 1990 clearly provides priority to removal proceedings over naturalization proceedings.  This is evident from the fact that the Attorney General is prohibited from considering an application for naturalization while removal proceedings are pending.[26]  The Sixth and Third Circuits have recognized this prioritization by holding, in one form or another, that de novo review by the district courts does not provide the courts with authority to order the Attorney General to naturalize an alien while removal proceedings are pending.[27]  The Fifth and Ninth Circuits reached harmonious conclusions in their determinations that de novo review only extends as far as determining whether the USCIS made a proper decision due to the pendency of removal proceedings.[28]

Here, Plaintiff's situation is most similar to that of the plaintiff in the case from the Sixth Circuit, Zayed v. United States.  In both cases, the USCIS denied the plaintiff's application for naturalization on the merits prior to the commencement of removal proceedings.  This court joins the Sixth Circuit and other circuits in finding that the court cannot order the Attorney General to naturalize an alien during the pendency of removal proceedings.  The only remaining question, therefore, is whether Plaintiff is entitled to declaratory judgment.  If he is, then the court can

---

[25] Id. at 259-60.

[26] 8 U.S.C. § 1429.

[27] See Gonzalez, 678 F.3d at 259; Zayed, 368 F.3d at 906.

[28] Saba-Bakare, 507 F.3d at 340; Bellajaro, 378 F.3d at 1046.

afford Plaintiff some relief and Defendants' <u>Motion to Dismiss</u> should be denied in part.

Conversely, if he is not, Plaintiff has failed to state a claim upon which relief can be granted, and

Defendant's <u>Motion to Dismiss</u> should be allowed.

This court disagrees with the Third Circuit's holding that a plaintiff in this situation is

entitled to declaratory relief. Declaratory relief, in such a situation, amounts to an advisory

opinion, which federal courts are prohibited from offering.[29] The Supreme Court has stated: "The

real value of the judicial pronouncement–what makes it a proper judicial resolution of a 'case or

controversy' rather than an advisory opinion–is in the settling of some dispute *which affects the*

*behavior of the defendant towards the plaintiff.*"[30] Actions for declaratory judgments, thus,

require adversity, which "demands that 'the facts alleged, under all the circumstances, show that

there is a substantial controversy, between parties having adverse legal interest, of sufficient

immediacy and reality to warrant the issuance of a declaratory judgment.'"[31] The controversy

"must be a real and substantial controversy admitting of specific relief through a decree of a

conclusive character, as distinguished from an opinion advising what the law would be upon a

hypothetical state of facts."[32] The court has long recognized "that a federal court has no authority

---

[29] <u>See</u> <u>Flast v. Cohen</u>, 392 U.S. 83, 96 ("And it is quite clear that the older and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." (internal quotation and citation omitted)).

[30] <u>Hewitt v. Helms</u>, 482 U.S. 755, 761 (1987).

[31] <u>Rhode Island v. Narragansett Indian Tribe</u>, 19 F.3d 685, 693 (1st Cir. 1994) (quoting <u>Maryland Cas. Co. v. Pac. Coal & Oil Co.</u>, 312 U.S. 270, 273 (1941)).

[32] <u>Maryland Cas. Co. v. United Corp. of Massachusetts</u>, 111 F.2d 443, 446 (1st Cir. 1940); <u>see also</u> <u>Boston Teachers Union Local 66, AFT, AFL-CIO v. Edgar</u>, 787 F.2d 12, 16 (1st Cir. 1986) (stating that the court may not offer opinions based on hypothetical facts).

'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"[30]

Unlike an advisory opinion, declaratory judgment is a determination of one's legal rights that the court may issue "[i]n a case of actual controversy within its jurisdiction."[31]  The key difference between an advisory opinion and declaratory judgment is that declaratory judgment is by definition a determination in an actual controversy.  If a controversy has not yet arisen, declaratory judgment is inappropriate.[32]

Here, were the court to determine that Lau is entitled to naturalization but for the removal proceedings, the court would be going beyond the bounds of what constitutes a declaratory judgment.  To grant such relief would amount to the court stating that its opinion is final unless the plaintiff is removed.  Such a concession is simply an attempt to circumvent a principle established in Hayburn's Case,[33] where five of six Supreme Court justices, while riding circuit, held unconstitutional a statute that required the court to offer a recommendation that the executive branch was free to disregard.  Such recommendations amounted to advisory opinions.

A ruling that Lau is entitled to naturalization, but for the existence of the removal proceedings, acknowledges that the executive branch does not have to adhere to the court's ruling in determining the outcome of the removal proceedings.  This acknowledgment does not

---

[30] Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)).

[31] 28 U.S.C. § 2201.

[32] See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 139 (2007) (quoting Coffman v. Breeze Corps., 323 U.S. 316, 324 (1945)).

[33] 2 U.S. (2. Dall.) 409 (1792).

make the court's ruling any less of an advisory opinion for the very reason that removal is a real possibility. The words "but for" make evident that the court would be basing its opinion on the hypothetical fact that Lau is not removed; hypothetical because in order for declaratory relief to have any effect, the court must work with the hypothesis that Lau will not be removed.

If Lau is deported, a decision by the court that he is entitled to naturalization, but for the outcome of removal proceedings, offers no specific relief. Because the effectiveness of the desired relief in this case hinges upon the outcome of removal proceedings, there is no real and substantial controversy, which is a necessity for declaratory judgment. The court, therefore, sees no way to view the desired declaratory relief as anything other than an advisory opinion so long as the removal proceedings are pending. What is more, if Lau is not removed, he may refile his request for de novo review of his denial of naturalization. At that point the court would be able to offer effective relief.

IV.    Conclusion

For the reasons stated above, the court hereby orders that Defendants' Motion to Dismiss [#4] is ALLOWED. The case is dismissed without prejudice to re-filing after the conclusion of removal proceedings. THIS CASE IS CLOSED.

IT IS SO ORDERED.

  /s/ Joseph L. Tauro

United States District Judge